112 N.J. Super. 286 (1970)
271 A.2d 7
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PROFESSIONAL CREDIT CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, AND ROBERT J. BUDNICK, DEFENDANTS-APPELLANTS, AND ALBERT L. BELAUSKAS, RICHARD MULCHANEY, WILLIAM LEROY LAWLER, MILES TOLMAN AND THEODORE ASIN, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 10, 1970.
Decided November 23, 1970.
*287 Before Judges KILKENNY, HALPERN and LANE.
Mr. Howard M. Stroger argued the cause for appellants (Mr. Joseph J. Afflito, Attorney; Mr. Stroger of counsel and on the brief).
Mr. Vincent J. Sgro, Assistant Prosecutor, argued the cause for respondent (Mr. Robert N. McAllister, Jr., Atlantic County Prosecutor, attorney; Mr. Ernest M. Curtis, Assistant Prosecutor, of counsel and on the brief).
PER CURIAM.
Professional Credit Corporation and Richard J. Budnick, its president, appeal from judgments of conviction of obtaining money under false pretenses (N.J.S.A. 2A:111-1). The corporation was fined $500. The individual was sentenced to the New Jersey State Prison for a term of not less than two nor more than three years which was suspended. He was placed on probation for two years and fined $1000.
*288 Two indictments were returned against defendants. The first indictment in two counts charged them with obtaining $7.50 from Marie Somers, under false pretenses in violation of N.J.S.A. 2A:111-1. The second count charged that the individual defendants used the corporate defendant to obtain the money under false pretenses. The second indictment charged the corporation and the individual defendants with conspiracy to obtain money under false pretenses (N.J.S.A. 2A:98-1 and 2), the overt act being obtaining $7.50 from Marie Somers.
The trial court granted judgments of acquittal as to defendants Mulchaney and Asin. The verdict of the jury found the corporation and Budnick guilty on the first count of the indictment but not guilty on the other charges. The remaining defendants, Belauskas, Lawler and Tolman, were found not guilty of all charges against them.
The motion for a new trial urging, among other grounds, that the verdict was against the weight of the evidence was denied. On appeal defendants argue that the trial court judge erred in denying their motion for judgment of acquittal; that the verdict against them constituted a manifest denial of justice resulting from the admission of irrelevant and prejudicial evidence; that there was error in the charge to the jury, and that there was error in the admission of testimony concerning defendants' transactions with debtors other than Marie Somers.
The corporate defendant is a collection agency. The indictments grew out of the collection by it of a bill owing from Marie Somers to Dr. Maurice Gordon in the amount of $61.20. The corporation sent Mrs. Somers a notice that the account had been sent to it for collection. The notice stated that the amount due was $68.70, of which $7.50 was interest. Ultimately Mrs. Somers paid $68.70; however, she submitted two checks drawn upon an account with insufficient funds for which the collection agency was charged $4 by its bank. The State contends that by demanding $7.50 interest and by collecting $7.50, the corporation obtained money in *289 violation of N.J.S.A. 2A:111-1. Under the agreement between the doctor and the collection agency, the fee of the collection agency was to be 50% of whatever was collected. The collection agency turned $32.60 over to the doctor.
The evidence shows that when the doctor turned over his accounts to the collection agency, he spent about ten minutes with the corporation's representative. There was no discussion between them as to whether interest was to be collected or not. It is clear that the doctor expected the agency to follow its usual practice.
There was no evidence of any deception or fraud practiced by defendants against Mrs. Somers. The demand sent to her clearly stated that of the amount claimed $7.50 represented interest. It is contended by the State that the doctor never authorized the collection agency to demand or collect interest. Mere lack of such authorization does not prohibit a collection agency from collecting the full amount due from a debtor to the creditor, which is the amount of the claim plus interest. An undertaking to pay interest may be implied. Mahoney v. Minsky, 39 N.J. 208, 212 (1963); 45 Am. Jur.2d, Interest and Usury, § 38 at 41. Viewing the evidence and the inferences reasonably to be drawn therefrom in the light most favorable to the prosecution, as we must (State v. Franklin, 52 N.J. 386, 406 (1968)), we hold that a jury could not reasonably find defendants guilty beyond a reasonable doubt of obtaining money by false pretenses. Insofar as Mrs. Somers was concerned, there was insufficient evidence to show a fraudulent intent on the part of defendants. Cf. State v. Greco, 29 N.J. 94, 98 (1959). Defendants were not indicted for any crime that they may have committed against Dr. Gordon.
The motion for a judgment of acquittal on behalf of all of the defendants should have been granted.
At the time of the oral argument on the appeal we learned that there are other complaints upon which indictments have either been returned against these defendants or upon which indictments may be sought. Because there *290 may be other trials involving these defendants similar to the one now before the court, we comment upon the admission into evidence of testimony of the corporation's practice of "gagging" and "dunning" in its attempts to collect on its accounts. "Gagging" was described as deceiving someone to obtain information about the creditor. In the factual setting of this indictment, testimony concerning "gagging" and "dunning" was completely irrelevant and its admission was prejudicial error.
The trial court admitted testimony concerning other accounts collected by the corporate defendant. This testimony tended to show that although the corporation collected interest on such other accounts, it did not pay the interest over to its client. In our opinion, the testimony had no relevance to the charge of obtaining money from Mrs. Somers by false pretenses or to the conspiracy charge. The evidence was not admissible under Rule 55 of the Rules of Evidence.
It is not necessary for us to deal with the court's charge.
The judgments of conviction are reversed and judgments of acquittal are entered in favor of Professional Credit Corporation and Robert J. Budnick.